

**Dated: May 03, 2018.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-11540-TMD |
| | § | |
| IO AT TECH RIDGE LP, | § | CHAPTER 11 |
|     Debtor. | § | |

| | | |
|---|---|---|
| IO AT TECH RIDGE, LP, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 18-01015-TMD |
| | § | |
| HARTFORD FIRE INSURANCE | § | |
| COMPANY, *ET. AL.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM OPINION**

### I.    **INTRODUCTION**

A real estate developer sued its contractor in state court. The developer later filed for bankruptcy. A subcontractor, which became a party to the state court suit, then removed the state court suit to bankruptcy court. The developer now wants the suit returned to state court.

1

## II. FACTS

For several years, IO tried to build a large apartment complex on property that IO owned in North Austin.[1] For financing, IO obtained a HUD-endorsed loan from Berkadia Commercial Mortgage.[2] To build the complex, IO contracted with Defendant ICI Construction.[3] When the complex was only partially constructed, IO and ICI had a falling out, and IO terminated the contract.[4]

IO then sued ICI in state court, and later amended the complaint to include claims against Defendant Harford Fire Insurance, which had issued a performance bond.[5] Defendant Power Design, a subcontractor, intervened in the suit despite IO's objection.[6] Power Design seeks $1.5 million for goods and services it provided to the apartment complex.[7] Over a dozen other suppliers and subcontractors eventually became parties to the state court suit.[8] IO and Power Design dispute how much discovery has taken place and how far the state court suit has progressed.[9] Both agree that the state court entered a docket order setting various deadlines and protocols for discovery, and setting a two-week jury trial to begin this October.[10] Both also agree that the suit is unlikely to go to trial in October.[11] Although there was some mention of the

---

[1] IO at Tech Ridge, LP's Mot. to Abstain and Remand 1, ECF No. 6.
[2] Debtor's Objection to Trustee's Motion to Abandon 1, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Jan. 22, 2018), ECF No. 45.
[3] Mot. to Abstain and Remand 2, ECF No. 6.
[4] Mot. to Abstain and Remand 2, ECF No. 6.
[5] Mot. to Abstain and Remand 2, ECF No. 6.
[6] Mot. to Abstain and Remand 2-3, ECF No. 6.
[7] PDI's Response in Opposition to Motion for Abstention and Remand 3, ECF No. 13.
[8] Mot. to Abstain and Remand 2-3, ECF No. 6.
[9] *Compare* Mot. to Abstain and Remand 4, 8, ECF No. 6 *with* Response 1-5, 9-10, ECF No. 13.
[10] Mot. to Abstain and Remand 4, ECF No. 6; Response 5, ECF No. 13.
[11] April 4, 2018 Hearing.

automatic stay, the stay applies to suits against the debtor, not by the debtor.[12] Finally, both agree that, other than the application of federal bankruptcy law, there is no federal question or diversity jurisdiction.[13]

While the litigation was pending, IO made payments on its debt to Berkadia for a time but eventually filed to liquidate under chapter 7.[14] The chapter 7 trustee thus inherited a partially completed but dangerous and dilapidated apartment complex.[15] With no funds to secure, let alone complete, the complex, the trustee moved to abandon the asset.[16] IO objected,[17] but when it became apparent that the trustee's motion would be successful, IO elected to convert the case to chapter 11.[18] IO has now moved to sell the property,[19] and it is unclear whether the property will sell at a price high enough to satisfy Berkadia's debt.[20] What is clear is that the property

---

[12] 11 U.S.C. § 362(a) (listing the applicability of the automatic stay, specifically stating "against the debtor" and similar phrases throughout); *Adler v. Bell (In re Versoy)*, 306 Fed. App'x 65, 68-69 (5th Cir. 2009) ("If the debtor brings the initial claim, § 362 has no effect."); *Hayes v. Bank of America*, No. H-12-377, 2013 WL 5352704, at *3 (S.D. Tex. Sept. 23, 2013) ("stay does not apply to lawsuits initiated by the debtor that would inure to the benefit of the estate.").

[13] April 4, 2018 Hearing; Notice of Removal 2, ECF No. 1.

[14] *See* Mot. to Abstain and Remand 4, ECF No. 6 (IO filed the bankruptcy case on December 11, 2017).

[15] Debtor's Objection to Trustee's Motion to Abandon 3, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Jan. 22, 2018), ECF No. 45; January 24, 2018 Hearing, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex.).

[16] Motion to Abandon Certain Real Property, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Jan. 4, 2018), ECF No. 21.

[17] Debtor's Objection to Trustee's Motion to Abandon, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Jan. 22, 2018), ECF No. 45.

[18] January 24, 2018 Hearing, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex.).

[19] Debtor's Motion for (I) Order Approving (A) Bid Procedures, Including Procedures for Selection of Stalking Horse Purchaser, (B) Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Related Notices, (C) Notice of Auction, Stalking Horse Hearing and Sale Hearing, and (D) Related Relief and (II) Order (A) Approving the Sale of Real Estate and Related Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f), and (m), (B) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and Related Cure Amounts, and (C) Granting Related Relief, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Mar. 1, 2018), ECF No. 75.

[20] Indeed, Berkadia and IO have filed briefs on whether a property can be sold for an amount less than the amount of all liens filed against the property over the lienholder's objection. Berkadia Commercial Mortgage LLC's Br. in Opp'n to Mot. for Order Approving the Sale of Real Estate and Related Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f), and (m), *In re IO*

will be sold soon, or Berkadia will foreclose.[21] After that, the case will be dismissed or IO will file a liquidating plan that places the lawsuit against ICI into a litigation trust.[22]

Power Design has now removed the state court lawsuit under 28 U.S.C. § 1452, which allows removal of most types of civil actions to bankruptcy court.[23]

### III. ANALYSIS

IO asks this Court to remand the suit to state court on the grounds of (1) mandatory abstention[24] and (2) permissive abstention or equitable remand.[25] A court must remand a suit if all the requirements of mandatory abstention are met.[26] But even if they are not all met, a court may still remand under the permissive abstention or equitable remand doctrines.[27] Whether either of the latter two doctrines should apply is based on a factors-based analysis. Because the purpose of these two doctrines are similar, courts use the same factors to analyze their application.[28] In any event, since this is a state court action removed to bankruptcy court, remand is the appropriate remedy even if abstention is the ruling.[29]

---

*at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Apr. 4, 2018), ECF No. 104; Debtor's Reply Br. in Support of Mot. for Order Approving the Sale of Real Estate and Related Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f), and (m), *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Apr. 11, 2018), ECF No. 106. The Court has issued a ruling. Ruling on 11 U.S.C. § 363(f) Issue, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Apr. 25, 2018), ECF No. 111.

[21] Berkadia has relief from the stay to post the property for a June foreclosure. April 23, 2018 Hearing, *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex.).
[22] April 4, 2018 Hearing.
[23] 28 U.S.C. § 1452; Notice of Removal, ECF No. 1.
[24] Mot. to Abstain and Remand 5-9, ECF No. 6.
[25] Mot. to Abstain and Remand 9-12, ECF No. 6.
[26] 28 U.S.C. § 1334(c)(2).
[27] 28 U.S.C. §§ 1334(c)(1), 1452(b).
[28] *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 731 (Bankr. W.D. Tex. 2017).
[29] *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *5 (S.D. Tex. June 9, 2003).

### A. Mandatory Abstention.

By statute, a federal court must abstain and remand a matter if certain requirements are met:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[30]

The Fifth Circuit has interpreted the statute to require all these elements:

(1) A timely motion for mandatory abstention;[31]

(2) "[T]he claim has no independent basis for federal jurisdiction, other than § 1334(b);

(3) [T]he claim is a non-core proceeding;

(4) [A]n action has been started in state court;

(5) [T]he action could be adjudicated timely in state court."[32]

Power Design disputes only two elements: whether the proceeding is core, and whether the action can be timely adjudicated in state court.[33]

### 1. The State Court Action is a Core Proceeding.

A non-exclusive list of core proceedings can be found in 28 U.S.C. § 157(b)(2). Power Design argues that this proceeding is core because it involves claims against IO, the Debtor.[34] IO

---

[30] 28 U.S.C. § 1334(c)(2).
[31] *Cadle Company v. Moore (In re Moore)*, 739 F.3d 724, 728-29 (5th Cir. 2014).
[32] *Id.*
[33] PDI's Response in Opposition to Motion for Abstention and Remand 6, ECF No. 13.
[34] Response 6-7, ECF No. 13.

has explained that ICI has counterclaims against it, where ICI is seeking affirmative recovery.[35] Proofs of claim have been filed by ICI[36] and Power Design.[37]

Congress lists "allowance or disallowance of claims against the estate" as a core proceeding.[38] Because the allowance or disallowance of the claims asserted by ICI and Power Design is core, the second element of mandatory abstention has not been met.

Since one element is not met, abstention is not required. Still, the Court will analyze the timely adjudication element as it is relevant to permissive abstention and equitable remand.

### 2. The Action Can be Timely Adjudicated in State Court.

Though naked assertions that the action can be timely adjudicated by the state court cannot satisfy this element, it is not difficult to meet.[39] According to some courts, the issue is not which court can adjudicate the action faster; but whether the state court can dispose of the action timely.[40] Power Design argues that "no meaningful progress" has been achieved in the state court action,[41] and that there is no indication that the pace will change.[42] But Power Design has failed to show why the case would move faster in bankruptcy court.

And there is more. Whether the state court action can proceed at a pace agreeable to Power Design is not the issue. "Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues

---

[35] February 14, 2018 Hearing.
[36] Proof of Claim (Jan. 31, 2018), Claim No. 3-1.
[37] Proof of Claim (Jan. 26, 2018), Claim No. 2-1.
[38] 28 U.S.C. § 157(b)(2)(B). *See also Petroleum Prods. & Servs., Inc. v. McClinton Energy Grp., LLC (In re Petroleum Prods. & Servs., Inc.)*, 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016) ("A [claim] could directly implicate the claims allowance process and might be core.").
[39] *In re Dune Energy*, 575 B.R. at 729.
[40] *Id.* at 730; *Mugica v. Helen Chem. Co. (In re Mugica)*, 362 B.R. 782, 793 (Bankr. S.D. Tex 2007).
[41] Response 2, ECF No. 13.
[42] Response 9-10, ECF No. 13.

and rights should be allowed to proceed in state court . . . ."[43] In this context, the "countervailing circumstance" is the need to promptly administer the bankruptcy case. So whether the state court can try a dispute timely should be determined by seeing whether the trial in state court will slow resolution of the main bankruptcy case. Here the answer is no. Simply put, this case can be administered—meaning the property will be sold or foreclosed on—without the state court action being resolved. The bankruptcy case will then be wrapped up in one of three ways: (1) conversion back to chapter 7, (2) dismissal, or (3) the lawsuit against ICI will be assigned to a litigation trust under a plan. The claims of Power Design and ICI can then be resolved on whatever schedule is set by the state court. As a result, the fifth element of mandatory abstention has been met.

Yet, because core matters are involved, abstention is not mandatory.

### B. Permissive Abstention and Equitable Remand.

Though not all the elements of mandatory abstention are met, a court may still use its discretion to abstain from a matter.[44] This permissive abstention is outlined in 28 U.S.C. § 1334:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[45]

Alternatively, a court may equitably remand, as permitted by 28 U.S.C. § 1452:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.[46]

---

[43] *J.T. Thorpe*, 2003 WL 23323005, at *6.
[44] *Gober v. Terra + Corp (In re Gober)*, 100 F.3d 1195, 1206-07 (5th Cir. 1996).
[45] 28 U.S.C. § 1334(c)(1).
[46] 28 U.S.C. § 1452(b).

Most courts in the Fifth Circuit determine whether the doctrines of permissive abstention or equitable remand should be applied by evaluating 14 factors.[47] The factors are:

(1) Effect or lack thereof on the efficient administration of the estate if the court abstains or remands;

(2) Extent to which state law issue predominate over bankruptcy issues;

(3) Difficult or unsettled nature of the applicable law;

(4) Presence of related proceeding started in state court or other non-bankruptcy proceeding;

(5) Jurisdictional basis, if any, other than § 1334;

(6) Degree of relatedness or remoteness of lawsuit to main bankruptcy case;

(7) The substance rather than the form of an asserted core proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden of the bankruptcy court's docket;

(10) The likelihood that the removal involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial;

(12) The presence in the proceeding of non-debtor parties;

(13) Comity; and

(14) Possibility of prejudice to other parties in the action.[48]

---

[47] *In re Dune Energy*, 575 B.R. at 731 (citing *Regal Row Fina, Inc. v. Wash. Mut. Bank*, No. Civ. A. 3:04-CV-1033-, 2004 WL 2826817, at *8 (N.D. Tex. Dec. 9, 2004); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001); *Inter Nat'l Bank v. Rosales (In re Rosales)*, No. 12-30590-RBK, Adv. Nos. 12-3010-RBK, 12-3011-RBK, 12-3013-RBK, 2012 WL 4343701, at *4 (Bankr. W.D. Tex. Sept. 21, 2012); *Special Value Continuation Partners, L.P. v. Jones (In re Special Value Continuation Partners, L.P.)*, Adv. No. 11-3304, 2011 WL 5593058, at *7-*8 (Bankr. S.D. Tex. Nov. 10, 2011).).

[48] *Galaz v. Katona*, No. 5:14-CV-967, 2015 WL 5565266, at *8 (W.D. Tex. Sept. 21, 2015).

1. **Effect or Lack Thereof on the Efficient Administration of the Estate if the Court Abstains or Remands.**

The outcome of the bankruptcy case will be decided by whether IO's assets are sold or foreclosed on by Berkadia. If Berkadia forecloses, there will be no need to decide whether Power Design or ICI have valid claims against IO. And in the unlikely event the property sells for enough money to pay off Berkadia and provide a return to unsecured creditors, those claims do not need to be resolved quickly. This factor thus leans in favor of abstention or remand.

2. **Extent to which State Law Issues Predominate Over Bankruptcy Issues.**

It is undisputed that the causes of action in the adversary are all state-law issues. This factor thus weighs in favor of abstention or remand.

3. **Difficult or Unsettled Nature of the Applicable Law.**

IO argues, and Power Design does not dispute, that there are no particularly difficult or unsettled issues of applicable state law.[49] So this factor is neutral.

4. **Presence of Related Proceeding Started in State Court or Other Non-Bankruptcy Proceeding.**

There is a proceeding started in state court. This factor also weighs in favor of abstention or remand.

5. **Jurisdictional Basis, If Any, Other Than § 1334.**

As admitted by Power Design, the only jurisdictional basis is section 1334,[50] so this factor weighs in favor of abstention or remand.

---

[49] Mot. to Abstain and Remand 10, ECF No. 6.
[50] April 4, 2018 Hearing; Notice of Removal 2, ECF No. 1.

**6. Degree of Relatedness or Remoteness of Lawsuit to Main Bankruptcy Case.**

As discussed earlier, two Defendants have filed proofs of claim that relate to this adversary. Alone, this would weigh against abstention or remand. But as discussed elsewhere, those claims do not need to be resolved to administer the bankruptcy case. So this factor weighs in favor of abstention or remand.

**7. Substance Rather Than the Form of an Asserted Core Proceeding.**

As discussed in the mandatory abstention section above, this is a core proceeding, so this factor weighs against abstention or remand.

**8. Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to be Entered in State Court with Enforcement Left to the Bankruptcy Court.**

As discussed above, and even though this is a core proceeding, the state court can timely adjudicate the proceeding and decide the validity of the Defendants' claims. This Court would then just be left with making distributions on the claims from the surplus, if any, realized from the sale. This factor thus weighs in favor of abstention or remand.

**9. Burden on the Bankruptcy Court's Docket.**

As this is a core proceeding, the Court would not need the Parties' consent to enter final judgment. Even so, IO argues that if a jury trial is demanded, the burden on the district court must also be considered because IO does not consent to a jury trial in the bankruptcy court. The Court notes that no one has made a demand for a jury trial in this adversary proceeding, so this may be a non-issue. IO also explains that it "may determine to waive its jury demand if all other parties consent to this Court conducting a non-jury trial of this matter," but that it has not yet

10

spoken to all parties.[51] In other words, whether a jury trial will be demanded is still unsure. Based on this record, this factor must be considered neutral.

### 10. Likelihood that the Removal Involves Forum Shopping by One of the Parties.

Power Design argues, without explanation, that there is no forum shopping.[52] IO argues that it is being deprived its choice of forum because of the removal.[53] But neither argument suffices to make this a significant factor. "For forum shopping to be a significant factor in an abstention analysis, 'it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process.'"[54] No such allegations have been made, so this factor is neutral.

### 11. Existence of a Right to a Jury Trial.

The parties have a right to a jury trial in either forum. But the bankruptcy court can conduct a jury trial only if all parties consent, and it is not clear that all parties will do so. If any do not, the reference will have to be withdrawn and the case heard by the District Court. Since the status of the parties' consents is unclear, this factor is neutral.

### 12. Presence in the Proceeding of Non-Debtor Parties.

All parties but IO are non-debtor parties. Aside from ICI and Power Design, no other Defendant is a party to the main bankruptcy case. There is also no evidence to show that all Defendants consent to removal, which may mean that a party may be deprived of their right to

---

[51] Mot. to Abstain and Remand 11-12, ECF No. 6.
[52] PDI's Response in Opposition to Motion for Abstention and Remand 11, ECF No. 13.
[53] Mot. to Abstain and Remand 12, ECF No. 6.
[54] *In re Dune Energy*, 575 B.R. at 734 (internal citation omitted). *See also Galaz*, 2015 WL 5565266, at *10.

litigate in state court.[55] So this factor weighs in favor of abstention or remand.

### 13. Comity.

Although state law issues are at the heart of this proceeding, IO has not argued that there are any novel issues implicating a state interest.[56] So this factor is neutral.

### 14. Possibility of Prejudice to Other Parties in the Action.

On one hand, IO argues that it has been prejudiced because removal has deprived it of its choice of forum.[57] On the other hand, though not argued by Power Design, the Court notes that if IO chooses to object to the proofs of claim filed by ICI and Power Design, abstention or remand of this proceeding could result in those parties having to defend similar proceedings in different forums.[58] Given these considerations, this factor can go either way.

### 15. So What Does it All Mean?

In sum, seven factors favor abstention or remand, one factor is against abstention or remand, and six factors are either neutral or in the middle. But the analysis does not end there. Under Western District precedent, a court should not just count how many factors favor each side and declare as winner the one with the most factors.[59] Instead, "the court must determine which arguments are of greater importance or persuasion."[60] In fact, any equitable ground may

---

[55] *See Orion Ref. Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 488 (E.D. La. 2004); *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 428-29 (Bankr. S.D. Tex. 1987).
[56] *See Galaz*, 2015 WL 5565266, at *10.
[57] Mot. to Abstain and Remand 12, ECF No. 6.
[58] *See In re Dune Energy*, 575 B.R. at 735.
[59] *The Official Comm. of Unsecured Creditors of Schlotzsky's, Inc. v. Grant Thornton, L.L.P. (In re Schlotzsky's, Inc.)*, 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006) ("Mechanical applications of such tests to rule on equitable issues that are heavily fact-specific are often doomed to produce incorrect outcomes.").
[60] *Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 217 (Bankr. S.D. Tex. 2014).

support a court's decision to remand.[61] A court should also heed the larger context.[62] Lastly, the Fifth Circuit has explained that "[u]nder . . . § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims."[63] Though it may be a helpful exercise for some courts to use the factors in their analysis, evaluation of the factors does not yield the answer because, at the end, courts are left to their own discretion.

Indeed, it is difficult to know what to make of this or any other multi-factor test.[64] In this and many cases, many factors can each be argued both ways. And there is no clear analytical framework for using the factors. Left adrift then, in a sea of factors, this Court will seek anchorage by simply reading the statute. In reading the statute, it is apparent that Congress believed that state court matters generally belong in state court unless a strong federal interest suggests otherwise.[65]

This suit is a state court matter as there is no independent basis for federal jurisdiction. So what is the strong federal interest? Since bankruptcy jurisdiction is the only federal interest in play, the question is best answered by examining the relationship that the state court litigation bears to the bankruptcy case. And it is true that the facts leading to the state court suit were in large part the events that led to the bankruptcy filing.

---

[61] *Id.* at 215.
[62] *In re Schlotzsky's*, 351 B.R. at 435.
[63] *In re Gober*, 100 F.3d at 1206.
[64] As a lawyer, I liked multi-factor tests; I was spared the need to outline my brief. As a judge, now five years in, I still fail to see how they provide a reasoned basis for a decision.
[65] "Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court." *J.T. Thorpe*, 2003 WL 23323005, at *6. *See also In re Dune Energy*, 575 B.R. at 735 ("[T]he discretionary abstention statute helps the far-reaching bankruptcy jurisdiction statute from bringing suits into federal courts when they are better left for state courts to decide.").

But those facts aren't relevant to the right question. The right question is: Must the lawsuit be tried in bankruptcy court to resolve the bankruptcy case? The answer would be yes, if a plan could not be confirmed absent resolution of the lawsuit, and if it were clear that reorganization was the best path out of bankruptcy. If so, then it might make sense for the bankruptcy court to keep the lawsuit. But here the answer is no. IO's assets will be sold, or Berkadia will foreclose. Either way, the only asset left will be the suit against ICI, and that suit can be pursued in state court in the ordinary course of the litigation process, either by a litigation trustee under a plan or by a chapter 7 trustee. If the state court decides that ICI or Power Design, or both, have valid claims, those claims can be administered by the litigation trustee or by the chapter 7 trustee.

## IV. Conclusion

By separate order, this adversary proceeding will be remanded to the state court from whence it came.